**BY CERTIFIED MAIL WITH RETURN RECEIPT**

Mr. Guy Perrotti
Acting Director
Delaware Psychiatric Center
1901 North DuPont Highway
New Castle, DE 19720-1199
your telephone (302) 255-2700

515 Boundary Road
Pitman, NJ 08071
March 10, 2008
MY telephone:: 856-589-7895
My FAX: 856-589-2053

Dear Mr. Perrotti:

Based on a letter from the US Distinct Judge (copy enclosed) you are now being served formally with the Complaint and Affidavit which has been duly notarized. A copy of this was sent to you earlier, which apparently is not a Service.

Sincerely,

_Syed M. Husain_
. Syed M. Husain, MD, Ms, PhD
Plaintiff *pro se*

### Certificate of service

*I Syed M. Husain hereby certify that I have served the Complaint and Affidavit*

*upon Mr., Guy Perrotti, Acting Director, Delaware Psychiatric Center on March 10, 2008 by*

*US Certified Mail with Return Receipt*

_Syed M. Husain_
Syed M. Husain, Plaintiff *pro se*
Cc: The Court

## Other Orders/Judgments
1:08-cv-00070-SLR Husain v. Perrotti

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered on 3/5/2008 at 5:03 PM EST and filed on 3/5/2008
**Case Name:**      Husain v. Perrotti
**Case Number:**    1:08-cv-70
**Filer:**
**Document Number:** 4

**Docket Text:**
**ORDER - within 30 days from the date of this order, plaintiff shall comply with the requisites of Fed. R. Civ. P. 65. Plaintiff is placed on notice that failure to comply with this order may result in dismissal of the case. Signed by Judge Sue L. Robinson on 3/5/08. (fmt)**

1:08-cv-70 Notice has been electronically mailed to:

1:08-cv-70 Notice has been delivered by other means to:

Syed M. Husain
Syed M. Husain, Pro Se
515 Boundary Road
Pitman, NJ 08071

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/5/2008] [FileNumber=530322-0]
[2a98c8eb17efd27b118c58ce6851a09a31ed81892342db05d9c6e3701c26fc6614f8a
482cc076ce02a6de264d4d2a98cfd8df73ab6ae25b3bafa95c85b317aaf]]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYED M. HUSAIN, M.D., Ph.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-70-SLR |
| | ) |
| GUY PERROTTI, Acting Director for | ) |
| Delaware Psychiatric Center, | ) |
| | ) |
| Defendant. | ) |

### ORDER

On February 1, 2008, plaintiff Syed M. Husain, ("plaintiff") filed a motion and affidavit, pursuant to Fed. R. Civ. P. 65, seeking injunctive relief. Specifically, plaintiff wants defendant to issue a certificate that will permit him to receive a license to practice medicine. Plaintiff proceeds pro se and has paid the filing fee.

Typed on the proposed order to show cause is "cc: Mr. Guy Perrotti", but the documents filed do not contain a certificate of service. Rule 65 of the Federal Rules of Civil Procedure sets forth the procedure for issuance of a preliminary injunction or temporary restraining order. No preliminary injunction may be issued without notice to the adverse party. Fed. R. Civ. P. 65(a)(1). A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition; and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be

required. Fed. R. Civ. P. 65(b).

While plaintiff's affidavit states that he sent a letter to defendant on December 7, 2007, certified mail, return receipt, it does not indicate that plaintiff served defendant with the pleadings filed on February 1, 2008. Also, a "cc" notation on the proposed order to show cause does not sufficiently indicate service upon defendant. Therefore, under Rule 65 no preliminary injunction can issue. Moreover, a temporary restraining order is allowed only under certain conditions when notice is not provided and plaintiff has not provided a certification as Rule 65 requires.

THEREFORE, at Wilmington this 5th day of March, 2008, IT IS ORDERED that, within **thirty days** from the date of this order, plaintiff shall comply with the requisites of Fed. R. Civ. P. 65. Plaintiff is placed on notice that failure to comply with this order may result in dismissal of the case.

_____
UNITED STATES DISTRICT JUDGE



The clerk
US District Court, District of DC
US Courthouse, 844 Fry street
Room 2A
Wilmington, DE 19801-3579