**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SYED M. HUSAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-070-SLR |
| | ) | |
| GUY PERROTTI, Acting Director of the Delaware Psychiatric Center, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT**

**GUY PERROTTI IN SUPPORT OF MOTION TO DISMISS**

WOLFBLOCK LLP

*/s/Thomas P. McGonigle*
Thomas P. McGonigle (I.D. No. 3162)
Joseph C. Schoell (I.D. No.3133)
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 777-5860

Attorneys for Defendant

Date: April 1, 2008

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

NATURE AND STAGE OF THE PROCEEDINGS ........ 1

SUMMARY OF ARGUMENT ........ 2

STATEMENT OF FACTS ........ 3

ARGUMENT ........ 6

I. THIS ACTION SHOULD BE DISMISSED FOR INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE ........ 6

II. THIS ACTION SHOULD BE DISMISSED BECAUSE THE MOTION AND AFFIDAVIT FAILS TO STATE A CLAIM FOR RELIEF ........ 6

A. Plaintiff's Claims Clearly Are Time Barred ........ 7

B. Plaintiff's Motion and Affidavit Fail to State Any Claim for Relief ........ 8

CONCLUSION ........ 11

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Berry v. E.I. DuPont de Nemours & Co.*,
   625 F.Supp. 1364 (D.Del. 1985) ....................................................................................... 7

*Burgess v. Cahall*,
   88 F.Supp.2d 319 (D. Del. 2000) ....................................................................................... 7

*Carr v. Dewey Beach*,
   730 F.Supp 591 (D. Del. 1990) ......................................................................................... 8

*Conley v. Gibson*,
   355 U.S. 41 (1957) ............................................................................................................ 7

*Davis v. Grusemeyer*,
   996 F.2d 617 (3d Cir. 1993) .............................................................................................. 7

*Foxworth v. Pennsylvania State Police*,
   402 F. Supp.2d 523 (E.D.Pa. 2005) ................................................................................ 10

*Husain v. Eichler*,
   C.A. No. 92C-060238, 1993 Del. Super. LEXIS 105 (Del. Super. April 13, 1993) ..... 3, 9

*Kost v. Kozakiewicz*,
   1 F.3d 176 ......................................................................................................................... 7

*Marker v. Talley*,
   502 A.2d 972 (Del. Super. 1985) ...................................................................................... 7

*Moody v. Kearney*,
   380 F.Supp.2d 393 (2005) ............................................................................................. 7, 8

*Phillips v. County of Allegheny*,
   -- F.3d --, No. 06-2869, 2008 U.S. App. LEXIS 2513, 2008 WL 305025 (3d Cir.
   2008) ................................................................................................................................. 9

*Romeo v. Young*,
   No. 87-113-CMW, 1987 U.S. Dist. LEXIS 11719 (D. Del. Dec. 11, 1987) .................... 7

*Smith v. State of Delaware*,
   Civ. A No. 07-669-JJF, 2008 U.S. Dist. LEXIS 13519 (D. Del. Feb. 21, 2008) .............. 9

*Wilson v. Garcia*,
   471 U.S. 261 (1985) .......................................................................................................... 7

**STATUTES**

10 *Del. C*. § 3103(a) ............................................................................................................... 6

10 *Del. C*. § 3103(c) ............................................................................................................... 6

10 *Del. C*. § 8119 .................................................................................................................... 7

16 *Del. C*. § 5109(d) ............................................................................................................... 9

18 Pa. Cons. Stat. § 9124 ...................................................................................................... 10

42 U.S.C. § 1983 .................................................................................................................... 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 4 ................................................................................................................ 2, 6

Fed. R. Civ. P. 12 ............................................................................................................ 1, 6, 7

**NATURE AND STAGE OF THE PROCEEDINGS**

This action was commenced on February 1, 2008, by plaintiff Syed M. Husain ("plaintiff"). D.I. 1. Proceeding *pro se*, plaintiff commenced this action with an "Order to Show Cause" and a "Motion and Affidavit."

On March 10, 2008 defendant Guy Perrotti ("defendant"), formerly the Acting Director of the Delaware Psychiatric Center (the "DPC"), received via certified mail an unsigned summons, which plaintiff subsequently filed with the Court. D.I. 10.[1]

Defendant now seeks dismissal of this action on pursuant to Rule 12(b)(4), Rule 12(b)(5) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. This is defendant's Memorandum of Points and Authorities in support of his Motion.

---

[1] Defendant notes that effective February 11, 2008, he was succeeded by Husam E. Abdallah as the Director of the DPC. Should the Court decline to dismiss this action as requested herein, substitution of Mr. Abdallah as the named defendant would appear required by Rule 25(d) of the Federal Rules of Civil Procedure.

## SUMMARY OF ARGUMENT

1.     This action should be dismissed because plaintiff has failed to serve a summons and complaint as required by Rule 4 and the laws of the State of Delaware. Plaintiff is attempting to proceed in this matter after having served an unsigned summons by certified mail. Further, plaintiff has failed to serve the defendant in accordance with applicable Delaware law.

2.     This action should also be dismissed for failure to state a claim because (1) the facts alleged by plaintiff's Motion and Affidavit make clear that his claims are time-barred under the applicable statute of limitations, and (2) the Motion and Affidavit fail to allege any facts that support plaintiff's constitutional claims or that would provide a basis for relief.

## STATEMENT OF FACTS

Plaintiff was a psychiatric resident at the Delaware State Hospital, DPC's predecessor, from July 1, 1990 through June 23, 1991. *Husain v. Eichler*, C.A. No. 92C-060238, 1993 Del. Super. LEXIS 105 (Del. Super. April 13, 1993). Although plaintiff contends in his Motion and Affidavit that he served as a resident for a period commencing June 23, 1990, that claim is clearly refuted by prior findings of the Delaware Superior Court as to which plaintiff was a party. *Husain*, 1993 Del. Super. at *1 (noting plaintiff's contract "provided a specific term of employment, July 1, 1990 through June 30, 1991").

On or about June 23, 1991, plaintiff's residency contract was terminated because his privileges to practice at the Medical Center of Delaware were revoked. Plaintiff's participation in the DPC's residency program and his termination from it were the subject of judicial proceedings in the Delaware Superior Court that were concluded nearly 15 years ago. In that case, the Delaware Superior Court dismissed plaintiff's challenge to the termination of his contract because plaintiff was required by his contract to pursue grievance remedies available to state employees, and did not do so. *Husain*, 1993 Del. Super. LEXIS 105 at * 10-*11.

On or about August 26, 1991, plaintiff was provided a letter from Neil Meisler, then the Director of the Division of Alcoholism, Drug Abuse and Mental Health, that confirmed the dates plaintiff was employed as a psychiatric resident. Mr. Meisler's letter is written on the stationary of the Delaware Department of Health and Social Services, Division of Alcoholism, Drug Abuse and Mental Health. The letter of Mr. Meisler is attached to Plaintiff's "Motion and Affidavit" dated January 30, 2008. D.I. 1.

On or about March 24, 1994, Plaintiff was provided an additional letter from then Acting Hospital Director, Charles H. Debnam, certifying the dates he was in the residency program for the Delaware State Hospital. The letter is written on Delaware Department of Health and Social

Services, Division of Alcoholism, Drug Abuse and Mental Health letterhead, and identifies Mr. Debnam as "Acting Hospital Director." A copy of that letter is attached as Exhibit A hereto.[2] Mr. Debnam's letter erroneously stated plaintiff's dates of service as "June 23, 1990 to June 23, 1991." As noted above, pursuant to his contract, plaintiff's residency commenced on July 1, 1990.

On December 7, 2007, by letter to defendant, plaintiff contended that the March 24, 1994, letter from Mr. Debnam impeded plaintiff's receipt of a license to practice medicine, and demanded that the DPC issue to him a certificate that included:

> "1. The designation of the Board of Trustees in whose name the Certificate is issued [sic] name of the Institution issuing the Certificate.
> 2. Name of the individual to whom the Certificate was issued followed by the graduate academic degrees he has earned
> 3. A statement witnessing the issuance of the Certificate
> 4. The name of the place where the Certificate was issued
> 5. The date of the issuance of the Certificate.
> 7. [sic] Signatures of the Hospital Director, the Director of Residency Program and the Director of the Hospital
> 8. Official Seal of the Hospital to be affixed on the Certificate."

D.I. 1, Attachment.

Plaintiff's letter of demand provides no citation to whatever rule or practice he claims prevents him from obtaining a medical license without a certificate in the form he has demanded. It does not in any way identify what efforts he has undertaken to secure such a license. Curiously, the demanded certificate itself would include several significant errors, including, for

---

[2] Although Plaintiff's Motion and Affidavit do not attach the 1994 letter from Mr. Debnam, it is referred to in Plaintiff's letter to Defendant dated December 23, 2007 which is attached to plaintiff's Motion, and therefore can be considered by this Court in determining a Rule 12 motion. *See*, *e.g.*, *Pryor v. National Collegiate Athletic Association*, 288 F.3d 548, 560 (3d Cir. 2002)(documents whose contents are alleged in the complaint and whose authenticity is not questioned may be relied upon to support Rule 12(b)(6) motion).

example, that it would recite that there are "trustees" of the DPC when in fact no such trustees exist, and it would apparently be issued as of 1994 notwithstanding that plaintiff presented it to the DPC in 2007.

Contending that defendant did not respond to his letter,[3] plaintiff filed this action on February 1, 2008, with his "Motion and Affidavit" dated January 30, 2008. The Motion and Affidavit provide the plaintiff's same complaints concerning his alleged entitlement to a "certificate" of his choosing and cites the Fifth and Fourteenth Amendments to the United States Constitution.

---

[3] Defendant's counsel did send a response to plaintiff's letter on or about January 11, 2008. Given that defendant is proceeding under Rule 12, he has not filed his response letter and will not rely on it for purposes of this motion.

**ARGUMENT**

**I.    THIS ACTION SHOULD BE DISMISSED FOR
        INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE**

Despite acknowledging receipt of Rule 4 of the Federal Rules of Civil Procedure (D.I. 5), plaintiff's service of his Motion and Affidavit remains defective. Rule 4(e) requires that original service of process be made by delivering a copy of the summons to a defendant personally or delivering same to the defendant's dwelling. Plaintiff here continues to rely on service by certified mail to the defendant's place of business, which is inadequate. *See* D.I. 10. There is no law applicable to service in this District that permits plaintiff to serve original process via certified mail. *See* 10 *Del. C*. § 3103(a) (providing for personal service or service at party's place of abode upon an adult person). Plaintiff's summons is also defective on the grounds it was neither signed by the Clerk (or any officer of the Court) nor sealed. Fed. R. Civ. P. 4(a)(1) (requiring that summons be sealed and signed by the clerk). Further, as this action purports to sue defendant for omissions allegedly relating to his service as the Acting Director of DPC, plaintiff is required to serve the Attorney General of State of Delaware, or his Chief Deputy or the State Solicitor, which plaintiff has not done. *See* 10 *Del. C*. § 3103(c). For these reasons, this action should be dismissed insufficient process and for failure to make proper service, under Rule 12(b)(4) and Rule 12(b)(5).

**II.   THIS ACTION SHOULD BE DISMISSED BECAUSE THE
        MOTION AND AFFIDAVIT FAILS TO STATE A CLAIM FOR RELIEF**

This action also should be dismissed on the grounds that (1) plaintiff's claims, if any, are clearly barred by application of the statute of limitations, and (2) plaintiff fails to allege facts that, even if taken as true, would support any relief he proposes for the Court to award.

"In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff." *Moody v. Kearney*, 380 F.Supp.2d 393, 397 (2005). However, the Court is not bound to accept asserted legal conclusions either alleged or inferred from the pleaded facts. *Burgess v. Cahall*, 88 F.Supp.2d 319, 321 (D. Del. 2000) (*citing Kost v. Kozakiewicz*, 1 F.3d 176, 183, 3d Cir. 1993)). A complaint may be dismissed where it appears beyond doubt that plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Burgess*, 88 F.Supp.2d at 321 (*citing Conley v. Gibson*, 355 U.S. 41 (1957)).

### A.    Plaintiff's Claims Clearly Are Time Barred

The gist of plaintiff's Motion and Affidavit appears to be that he has been deprived of "property" without due process of law, given that the DPC has not issued him the certificate to which he claims to be entitled. *See* D.I. 1, ¶ 8. Even assuming that plaintiff's claimed entitlement to a certificate had merit (and it does not), plaintiff's claim is clearly time-barred based upon the facts included in his Motion and Affidavit. *See Davis v. Grusemeyer*, 996 F.2d 617, 623 (3d Cir. 1993)(noting that Court may consider statute of limitations under Rule 12(b)(6) where facts alleged in plaintiff's pleading establish that action was not timely filed).

Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by 10 *Del. C.* § 8119. *See Moody*, 380 F.Supp.2d at 397; *Romeo v. Young*, No. 87-113-CMW, 1987 U.S. Dist. LEXIS 11719 at *6-*7 (D. Del. Dec. 11, 1987)(*citing Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *Berry v. E.I. DuPont de Nemours & Co.*, 625 F.Supp. 1364 (D.Del. 1985), and *Marker v. Talley*, 502 A.2d 972 (Del. Super. 1985)).

Here, it is apparent from plaintiff's Motion and Affidavit and the papers filed in support thereof that plaintiff has missed the two year statute of limitations period *by at least eleven years*. First, the letter to plaintiff from Delaware State Hospital Director Neil Meisler is dated August 26, 1991. The two-year limitations period begins to run when plaintiff "should have known about the injury." *Moody*, 380 F.Supp.2d at 397 (*citing Carr v. Dewey Beach*, 730 F.Supp 591, 603 (D. Del. 1990)). If plaintiff believed that the documentation provided concerning his residency was somehow defective or inadequate, it was incumbent upon him to challenge that documentation within two years, *i.e.*, by August 26, 1993. His failure to do so clearly establishes that his claim is time-barred.

Further, even if the subsequent letter from Mr. Debnam providing dates of plaintiff's employment somehow restarted the limitations period (and there is no reason it should), it would still have been incumbent upon plaintiff to have filed suit within two years of receiving Mr. Debnam's letter, *i.e.*, by March 24, 1996. Plaintiff did not file his suit until February 1, 2008, nearly twelve years after any limitations period expired. Clearly, from the face of plaintiff's Motion and Affidavit and supporting papers, his claims are time barred and should be dismissed based upon the statute of limitations.

### B.      Plaintiff's Motion and Affidavit Fail to State Any Claim for Relief

In the alternative to dismissing plaintiff's claims for failure to comply with the statute of limitations, this Court should dismiss this action because plaintiff's Motion and Affidavit, even judged by the lenient standards applied to *pro se* pleadings, is completely inadequate to state a claim for relief.

Plaintiff takes issue with the purported failure to issue a "certificate" in a form demanded by him to document his service as a psychiatric resident at the Delaware State Hospital. First, he lists features he believes are required of such a certificate, then he cites the preamble to the United States Constitution and provisions of the Fifth and Fourteenth Amendments. See D.I. 1 at ¶¶ 7-9.

Simply put, plaintiff "is required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. State of Delaware*, Civ. A No. 07-669-JJF, 2008 U.S. Dist. LEXIS 13519 at *3 (D. Del. Feb. 21, 2008) (*citing Phillips v. County of Allegheny*, -- F.3d --, No. 06-2869, 2008 U.S. App. LEXIS 2513, 2008 WL 305025 (3d Cir. 2008)). Here, plaintiff's claims do not allege any fact that would support a claim for relief. Plaintiff contends that the lack of a certificate of his own choosing prevents him from obtaining a medical license, but does not cite any rule, custom or practice that would require such a "certificate" for purposes of obtaining a medical license. Further, plaintiff's proposed certificate would include several patently false statements. Plaintiff did not "satisf[y] in full the requirements for the first year psychiatric residence program," as his requested certificate would recite. Rather, as found in earlier state court proceedings, plaintiff was terminated from the residency program prior to completion of a year due to his having lost his medical privileges with the Medical Center of Delaware. *Husain*, 1993 Del. Super. LEXIS 105 at *3. Similarly, plaintiff insists that the certificate he receive be issued in the name of the "Trustees" of the DPC, and no such "trustees" exist. *See* 16 *Del. C*. § 5109(d) (placing control of the DPC under the authority of a Director appointed by the Secretary of Health and Social Services). Plaintiff further seems to insist that his certificate be issued as of March 24, 1994, but alleges no facts that would entitle him to pick the date upon which the demanded certificate would be issued.

Moreover, plaintiff's motion fails to articulate any claimed basis for a cognizable property interest in receiving the certificate he has requested. To be sure, a plaintiff may have a property interest in a professional license. But that is not what plaintiff seeks from this Court. He instead seeks a "certificate" reflecting his less than one year of service as a medical resident at the Delaware State Hospital. Plaintiff's argument is similar to one rejected in *Foxworth v. Pennsylvania State Police*, 402 F. Supp.2d 523 (E.D.Pa. 2005), *aff'd*, 228 Fed. Appx. 151 (3d Cir. 2007). In that case, plaintiff maintained that his civil rights were violated when he was discharged from the state police academy as a result of criminal charges he faced prior to conditional admission. Among other things, the Court found plaintiff had no entitlement to a certificate reflecting graduation from the academy.

> Even assuming that graduating cadets get some sort of certificate, this does not equate to the type of professional licensure or certification that Pennsylvania court have indicated that 18 Pa. Cons. Stat. § 9124 is meant to cover. Unlike the state boards that issues licenses to architects, auctioneers and attorneys, there is not state board that issues police licenses…..

402 F.Supp.2d at 544 (footnote and citation admitted). Similarly here, plaintiff does not present any recognizable property interest in the certificate he seeks to have issued. His completely vague and unsupported contention that he cannot receive a medical license without a certificate in the form he seeks fails to convert his proposed certificate into a property interest for constitutional purposes.

Beyond its vague references to constitutional provisions, plaintiff's motion clearly fails to provide any cognizable basis for relief. He provides absolutely no basis for a federal court to compel defendant to issue him an erroneous "certificate" to which he claims to be entitled. Accordingly, this action should be dismissed for failure to state a claim for relief.

## CONCLUSION

For all of the foregoing reasons, defendant Guy Perrotti respectfully requests that this action be dismissed in its entirety.

WOLFBLOCK LLP

/s/ Thomas P. McGonigle
Thomas P. McGonigle (I.D. No. 3162)
Joseph C. Schoell (I.D. No.3133)
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 777-5860

Attorneys for Defendant

Date: April 1, 2008

# EXHIBIT A