# DISTRICT COURT OF THE DISTRICT OF DELWARE

### Husain vs. Perrotti

### CASE NO.: 1:08-70SLR

**To:**
Honorable Judge Sue L. Robinson

APR 1 4 2008

From:
Syed M. Husain. Plaintiff, *pro se*

Your Honor:

There are several misunderstandings in this case which need to be clarified by the Court in the form of an Order..

1. This case was initially filed under FRCP 65; under this Rule Summons and Complaint are not needed, but only a Affidavit is required

3. After serving the Affidavit, the Courts sets a date for the Plaintiff AD Defendant to appear for a hearing.

3. Since a <u>Show Cause Action</u> is requested. the Plaintiff, at the time of hearing the Defendant shows Cause as to why the Residency Certificate should not be signed by the Defendant and others

4. If the presiding Judge finds merit in Defendant's defense creditable, the Court does not order the signatures on the Certificate. On the other hand if the Judge finds Plaintiff's presentation to be truthful, affixing signatures and seals on the Certificate are, ordered

Did I correctly indicate the process in items 1 through 4 above?

On April 4, 2008 I received a Motion to Dismiss Complaint from the Defense Attorney. The same day I sent a Motion to the Court for a Default. erroneously.

In the Affidavit I served upon the Defendant. I probably should not have titled it "Complaint and Affidavit", but simply "Affidavit". This is what has prompted the Court Clerk to send me a copy of Rule 4 and for the same reason the Defense Attorney sent a Motion to the Court to Dismiss my Complaint..

Additionally, a change has occurred in the Administration of Delawasre Psychiatric Center. According to the Defense Attorney,. as of February 21, 2008, Mr. Perrotti resigned from the position of Acting Directorship and the Director is now Hasam E, Abdullah.

FRCP 25(d)(1) states the following:

(d) PUBLIC OFFICERS; DEATH OR SEPARATION FROM OFFICE.(1) When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's

-2-

successor is automatically substituted as a party. Proceeding following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution

FRCP 25(d)(2) provides for the addition of the of other Defendant as follows:

(2) A public officer who sues or is sued in an official capacity may be described as a party by the officer's official title rather than by name; but the court may require the officer's name to be added (As amended)

Under these circumstances I request the Court to approve the following:

1. Dismiss Plaintiff's Motion for Default Judgment
2. Dismiss Defendant's Motion to Dismiss Complaint
3. Permit me to modify the "Complaint and Affidavit" to simply "Affidavit"
4. Permit to change the Caption of the case from "Husain vs. Perrotti" to either "Husain vs. Abdullah" or "Husain vs. Perrotti and Abdullah," depending on the Court's discretion
5. Set up a date of hearing

I respectfully ask the Court to issue an order clarifying the above mentioned issues for which I show my appreciation.

Respectfully submitted,

*[signature]*
Syed M. Husain, MD, PhD, *pro se*

Dated: April 11, 2008

Cc: Defense Attorney McGonagall
    Wilmington Trust Center
    1100 Market Street, Suite 1001
    Wilmington, DE 19801

1

Mr. Syed & Syeda Husain
515 Boundry Rd.
Pitman, NJ 08071-1806



SOUTH JERSEY NJ 080
12 APR 2008 PM 7 T



The Clerk
US District court of the District of DE
844 King Street, wilmington DE 19801