## DISTRICT COURT OF THE DISTRICT OF DELWARE

Husain vs. Perrotti
CASE NO.: 1:08-70SLR

## M O T I O N

Honorable Judge Robinson:

I received a letter from Attorney Joseph C, Schoell today indicating that I have not completed Residency Program and served from July 1, 1990 to June 23, 1991. This is untrue. The Residency Program Director Linda Altman Fischer, MD has certified under oath that the Residency Program started on June 23, 1990.

This Affidavit was part of my personnel folder which evidently Mr. Schoell cannot find.

I am suspicious that my folder has been manipulated.. I ask the Court to order the release of the content of my folder to me by sending certified copies of all documents presently found in this folder.

Respectfully submitted,

Syed M. Husain, Plaintiff *pro se*



RECEIVED
APR 28 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

4/8/03

FEDERAL DISTRICT COURT OF THE DISTRICT OF DELAWARE

Husain vs. Perrotti
CASE NO.: 1:08-70SLR

ORDER

AND NOW, THIS _____ DAY OF _____, 2008,

For reasons described in the body of the Motion,

IT IS HERENY ORDERED AND ADJUDGEED that Hasam E. Abdulla, Director of this Center prepares certified copies of each and every page found in Plaintiff's Personnel folder and either hand them overt to the Plaintiff in person or alternatively, to send the Plaintiff a copy of the folder by mail to his current address. This shall be done in an expeditious manner.

_____
Sue L. Robinson
United States District Court Judge

4/8/03

Joseph C. Schoell, Esq.  
Wolf Block  
Wilmington Trust Center  
1100 N. Market St, Suite 1001  
Wilmington, DE  19801

515 Boundary Road  
Pitman, NJ  08071  
April 23, 2008  
CASE NO.: 1:08-70

Dear Mr. Schoell;

I received your letter dated April 17. 2008.  In this letter you state that:

1.  You state that: "Under FRCP 65 filings and pleading should be based on Rule 7 & 8".  There are no such requirements.  I reproduce the entire Rule 65 below:

**Rule 65. Injunctions**
(a) PRELIMINARY INJUNCTION.
(1) *Notice.* No preliminary injunction shall be issued without notice to the adverse party.
(2) *Consolidation of Hearing With Trial on Merits.* Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision (a)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury.
(b) TEMPORARY RESTRAINING ORDER; NOTICE; HEARING; DURATION.
A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record. In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if the party does not do so, the court shall dissolve the temporary restraining order. On 2 days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe,

the adverse party may appear and move its dissolution or
modification and in that event the court shall proceed to hear and
**Rule 65.1** FEDERAL RULES OF CIVIL PROCEDURE **78**
determine such motion as expeditiously as the ends of justice require.
(c) SECURITY. No restraining order or preliminary injunction
shall issue except upon the giving of security by the applicant, in
such sum as the court deems proper, for the payment of such costs
and damages as may be incurred or suffered by any party who is
found to have been wrongfully enjoined or restrained. No such security
shall be required of the United States or of an officer or
agency thereof.
The provisions of Rule 65.1 apply to a surety upon a bond or
undertaking under this rule.
(d) FORM AND SCOPE OF INJUNCTION OR RESTRAINING ORDER.
Every order granting an injunction and every restraining order
shall set forth the reasons for its issuance; shall be specific in
terms; shall describe in reasonable detail, and not by reference to
the complaint or other document, the act or acts sought to be restrained;
and is binding only upon the parties to the action, their
officers, agents, servants, employees, and attorneys, and upon
those persons in active concert or participation with them who receive
actual notice of the order by personal service or otherwise.
(e) EMPLOYER AND EMPLOYEE; INTERPLEADER; CONSTITUTIONAL
CASES. These rules do not modify any statute of the United States
relating to temporary restraining orders and preliminary injunctions
in actions affecting employer and employee; or the provisions
of Title 28, U.S.C., § 2361, relating to preliminary injunctions
in actions of interpleaded or in the nature of interpleader; or Title
28, U.S.C., § 2284, relating to actions required by Act of Congress
to be heard and determined by a district court of three judges.
(f) COPYRIGHT IMPOUNDMENT. This rule applies to copyright impoundment
proceedings.
(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Dec. 29, 1948, eff. Oct.
20, 1949; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987;
Apr. 23, 2001, eff. Dec. 1, 2001.)

2. Then you contend that I did Residency from July 1, 1990 to June 23, 1991. You must not have seen the Affidavit submitted by Dr. Linda Altman Fischer, the Residency Program Director, in which she has stated that the Residency Program started on June 23, 1990. In fact the then Acting Director, Debnam has issued a Certificate that after investigation, these dates were confirmed.

3. It is true that based on FRCP 25(d)(1) Mr. Abdullah can be substituted for Mr. Perrotti, but Rule 25(d)(2) permits the addition of Abdullah's name to that of Mr. Perrotti's. It is at the pleasure of Honorable Judge Robinson.

4. It would appear that you have not registered yourself as an Attorney representing Mr. Abdullah, Mr. Perrotti or both. Until I hear from the Court your official status, I will not be able to send correspondence to you pertaining to this suit. Please request the Court to inform your official status.

Sincerely,

Syed M. Husain, **MD, PhD**
Cc: The Court

S. M. HUSAIN
515 Boundary Rd.
Pitman, N.J. 08071

SMS.

US District Court
District of Delaware
844 King Street
Wilmington DE 19801

SOUTH JERSEY NJ 080
25 APR 2008 PM 4 L

