IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYED M. HUSAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-070-SLR |
| | ) |
| HUSAM ABDALLAH, | ) |
| | ) |
| Defendant.[1] | ) |

Syed M. Husain, Pitman, New Jersey, Pro Se Plaintiff.

Thomas P. McGonigle, Esquire, WolfBlock LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: August  ⎮ , 2008
Wilmington, Delaware

---

[1] Husam Abdallah was named Director of the Delaware Psychiatric Center and assumed the office in February 2008, replacing former Acting Director Guy Perrotti, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

ROBINSON, District Judge

## I. INTRODUCTION

On February 1, 2008, Syed M. Husain, M.D., Ph.D. ("plaintiff"), who proceeds pro se, filed suit against Guy Perrotti ("Perrotti"), Acting Director of the Delaware Psychiatric Center ("DPC"). Perrotti has since been replaced by Director Husam Abdallah ("defendant"). Plaintiff alleges a violation of his constitutional rights due to the issuance of a deficient residency certificate. (D.I. 1) He seeks injunctive relief pursuant to Fed. R. Civ. P. 65. (Id.) Presently before the court is defendant's motion to dismiss, plaintiff's request for default[2] and motion to amend and for hearing. (D.I. 11, 13, 14) For the reasons set forth below, the court will grant defendant's motion to dismiss, will deny plaintiff's motion for injunctive relief, will deny as moot plaintiff's request for default, and will grant in part and deny in part plaintiff's motion to amend and for hearing. (D.I. 1, 11, 13, 14)

## II. BACKGROUND

The material facts are not in dispute.[3] Plaintiff served as a first year resident in psychiatry at the Delaware State Hospital ("DSH") from June 23, 1990 to June 23, 1991. By letter dated August 26, 1991, the then director of DSH, Neil Meisler, wrote the following letter:

> To Whom It May Concern:
>
> This is to certify that Dr. Syed M. Husain was employed as a resident at Delaware State Hospital from July 1, 1990 to June 23, 1991.

---

[2]Plaintiff has withdrawn this motion. (See D.I. 14)

[3]The facts are taken both from documents attached to the complaint (D.I. 1) and an additional document that, although submitted by defendant, forms the basis of the complaint. (D.I. 12, ex. A)

(D.I. 1)

On March 24, 1994, the then acting director of DSH, Charles H. Debnam, wrote a letter addressed to plaintiff.

> Dear Dr. Hussain:
>
> After researching our records, the following is provided:
>
> This is to certify that Syed M. Hussain, MD, served as a First Year Psychiatric Resident at Delaware State Hospital from June 23, 1990 to June 23, 1991.

(D.I. 12, ex. A)

By letter dated December 3, 2007, plaintiff wrote to the then acting director of DSH to complain that the above letters were insufficient certificates of service which do not permit him to receive a license to practice medicine. More specifically, plaintiff asserted that the letters should have contained the following information, "like other Residency Completion Certificates do:"

> 1. The designation of the Board of Trustees in whose name the Certificate is issued [or] name of the Institution issuing the Certificate.
> 2. Name of the individual to whom the Certificate was issued followed by graduate academic degrees he has earned.
> 3. A statement witnessing the issuance of the Certificate.
> 4. The name of the place where the Certificate was issued.
> 5. The date of the issuance of the Certificate
> 6. Signatures of the Hospital Director, the Director of Residency Program and the Medical Director of the Hospital.
> 7. Official Seal of the Hospital to be affixed on the Certificate.

(D.I. 1) According to plaintiff, due to the issuance of the deficient letters, he has suffered "an enormous financial loss." (Id.)

In the instant lawsuit, plaintiff claims that the allegedly deficient residency certificates violate his right to due process under the Fifth and Fourteenth Amendments

of the United States Constitution. He seeks injunctive relief requiring defendant to complete a certificate using a form he has prepared.

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(4), (b)(5), and (b)(6), for insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. More particularly, defendant argues that he was improperly served and that plaintiff's claims are time-barred. Plaintiff did not respond to the statute of limitations issue, which is case dispositive.

### III. STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.[4] Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting

---

[4]The March 24, 2006 letter is a document that forms the basis of a claim. "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint.' The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document. Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered." Lum v. Bank of Am., 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## IV. DISCUSSION

### A. Statute of Limitations

Plaintiff alleges a state actor violated his constitutional rights to due process

4

under the Fifth and Fourteenth Amendments. (D.I. 1) Although not labeled as such, plaintiff raises a claim pursuant to 42 U.S.C. § 1983.[5] Plaintiff alleges that he was a first year resident at the DSH from June 23, 1990 to June 23, 1991. He alleges he received two deficient certificates from the DSH, one dated August 26, 1991 and the other dated March 24, 1994. He filed this lawsuit on February 1, 2008.

It is apparent from the face of the complaint that plaintiff's claims are time-barred. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. Wilson v. Garcia, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. See 10 Del. C. § 8119; Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." Id. Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. See Smith v. State, Civ. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

The letters /certificates were provided to plaintiff in 1991 and 1994. At that time, after viewing their content, plaintiff should have known or had reason to know of the alleged deficiencies with his certificates. Yet he did not file this § 1983 action until more than eleven years after issuance of the March 1994 letter that allegedly violated his constitutional rights. It is evident from the face of the complaint that plaintiff's claims are

---

[5] A § 1983 claim arises when a plaintiff alleges that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

time-barred.  Therefore, the court will grant defendant's motion to dismiss on this issue.[6]

**B. Rule 65**

Plaintiff filed a motion for injunctive relief pursuant to Fed. R. Civ. P. 65.  The issuance of a preliminary injunction is an extraordinary remedy.  P.C. Yonkers, Inc. v. Celebration:  The Party and Seasonal Superstore, LLC, 428 F.3d 504, 508 (3d Cir. 2005).  The court may permissibly grant a preliminary injunction only if plaintiff shows (1) a likelihood of success on the merits, (2) he will suffer irreparable harm if the injunction is denied, (3) granting preliminary relief will not result in even greater harm to the nonmoving party, and (4) the public interest favors such relief.  Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2006) (citing Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700 (3d Cir. 2004)).

Plaintiff states in his motion that, because of the deficiencies in the certificates, he is unable to apply for and receive a license to practice medicine.[7]  His claims, however, are time-barred.  Hence, there is no likelihood of success on the merits.  Moreover, his long delay in filing belies a finding of irreparable harm from delay.  Plaintiff fails to show that he is entitled to the extraordinary relief of a preliminary

---

[6]Inasmuch as plaintiff's claims are time-barred, the court will not address the other issues for dismissal raised in defendant's motion to dismiss.  Additionally, the court will deny plaintiff's motion to amend the title of his complaint, but will grant plaintiff's motion to replace the name of defendant to reflect the current director of the DSH. (D.I. 14)

[7]Although he is apparently eligible to receive a license in the State of New Jersey.

injunction. Therefore, the court will deny plaintiff's motion.[8] (D.I. 1)

## V. CONCLUSION

Based upon the foregoing analysis, the court will grant defendant's motion to dismiss and will deny plaintiff's motion for injunctive relief pursuant to Fed. R. Civ. P. 65. The court will deny as moot plaintiff's request for default. The court will grant plaintiff's motion to amend and for hearing to reflect the new director at the DSH and will deny the motion in all other respects. An appropriate order will issue.

---

[8]Because plaintiff is not entitled to injunctive relief, the court will deny plaintiff's motion for hearing on his Rule 65 motion. (D.I. 14)